UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GORDON QUICK, ET. AL., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>VIZIQOR SOLUTIONS, INC., ET. AL., )<br>)<br>Defendants. ) | Case No. 4:06CV637SNL |

## MEMORANDUM

Plaintiffs originally filed this action in state court alleging that defendants Viziqor and Woodmont Holdings breached the plaintiffs' employment contracts, including their retention bonus agreements, by failing to pay them the promised severance pay. Although defendant Woodmont Holdings was the signatory on the agreements, plaintiffs are holding defendant Viziqor liable under an alter ego theory; i.e. Woodmont Holdings was just a holding company for the stock of its operating company Viziqor. Plaintiffs further allege that defendants Huber and Quadrangle breached a separate contract with them that guaranteed payment of the subject severance and bonuses (if defendants Viziqor and Woodmont Holdings failed to pay). Finally, in the alternative, plaintiffs allege that defendants Huber and Quadrangle fraudulently misrepresented to them that they would guarantee the subject payments. Subsequent to the filing of this cause of action, defendant Woodmont Holdings filed for bankruptcy protection in Delaware. The defendants removed this case to federal court wherein it was assigned to this Court. Plaintiffs filed a motion to dismiss defendant Woodmont Holdings which the Court granted. *See*, Court Order #10, filed April 24, 2006. This matter is before the Court on defendant Viziqor's motion

to dismiss (#14), filed May 3, 2006[1] and defendants Huber and Quadrangle Group's motion to dismiss, or in the alternative, to transfer or stay (#16), filed May 3, 2006. Responsive pleadings have been filed.

Defendant Viziqor seeks to dismiss this cause of action because (former) defendant Woodmont Holdings is a necessary and indispensable party pursuant to Rule 19 Federal Rules of Civil Procedure. Since defendant Woodmont Holdings is in bankruptcy and all causes of action against it are subject to the standard bankruptcy stay, defendant Viziqor argues that this lawsuit cannot proceed in the absence of defendant Woodmont Holdings.[2] Defendants Huber and Quadrangle concur with defendant Viziqor's Rule 19 dismissal argument, but in the alternative, argue that if this Court should decide not to dismiss this case, then it should either stay any further action until the bankruptcy matter in Delaware is concluded or transfer this case to the District of Delaware for reference to the Bankruptcy Court. Plaintiffs contend that defendant Woodmont Holdings is not a necessary and indispensable party under Rule 19 and that this case can proceed in its absence since they have sued defendant Viziqor under an alter ego theory of liability. They further contend that this case is not transferable pursuant to 28 U.S.C. §1404.

During the filing of the parties' briefs, two (2) significant events occurred. Firstly, a Chapter 7 trustee has now been appointed in the Woodmont Holdings bankruptcy case. Secondly, plaintiffs have each filed a Proof of Claims in the Delaware Bankruptcy Court asserting

---

[1]This motion was actually filed by defendant Formula Telecom Solutions f//k/a Viziqor Solutions. Evidently, there has been some type of corporate merger, sale, etc. However, since there has been no substitution of defendant party and Viziqor Solutions is still the defendant of record, the Court will continue to use the name "Viziqor Solutions" or "Viziqor" to identify this defendant. Any substantive ruling concerning Viziqor will be equally applicable to Formula Telecom Solutions.

[2]Defendant Viziqor in a footnote does request, in the alternative, that this Court could consider transferring venue of this cause of action to the Delaware Bankruptcy Court.

claims against Woodmont Holdings in connection with the alleged breaches of the plaintiffs' employment contracts, including the retention bonus agreements.

Upon review of the parties' pleadings, and relevant caselaw, the Court believes that the first issue it needs to address is the question of transfer. If the Court should decide to transfer this case to the Delaware District Court for reference to the Bankruptcy Court, then the issue of a Rule 19 dismissal is moot. If the Court should decide not to transfer the case, then it will address the issue of application of Rule 19, and if necessary, application of the automatic stay.

District courts have subject matter jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11". 28 U.S.C. §1334(b). Under 28 U.S.C. §157(a), district courts may "provide that any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . shall be referred to the bankruptcy judges for the district." Thus, the first question is whether the present action is a "related to" action subject to transfer by this Court.

"For subject matter jurisdiction to exist in a `related to' action, there must be some nexus between the civil proceeding and the Title 11 case." Integrated Health Services of Cliff Manor, Inc. v. THCI Co., L.L.C., 417 F.3d. 953, 958 (8th Cir. 2005) *quoting* Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d. 770, 774 (8th Cir. 1995). In order for courts to assert jurisdiction over a proceeding "related to" a bankruptcy case, the proceeding must `have some effect on the administration of the debtor's estate." Specialty Mills, at 774 *quoting* In re Dogpatch U.S.A., Inc., 810 F.2d. 782, 786 (8th Cir. 1987); *see also*, Abramowitz v. Palmer, 999 F.2d. 1274, 1277 (8th Cir. 1993) *quoting* In re Dogpatch, at 786. The Eighth Circuit Court of Appeals has adopted the "conceivable effect" test for determining whether a civil proceeding is related to a bankruptcy case:

3

> "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom or action . . . and which in any way impacts upon the handling and administration of the bankrupt estate."

Specialty Mills, at 774 *quoting* In re Dogpatch, at 786 (*quoting* Pacor v. Higgins, 743 F.2d. 984, 994 (3rd Cir. 1984)); Abramowitz, at 1277 *quoting* In re Dogpatch, *supra.*; *see also*, Integrated Health Services of Cliff Manor, at 958; In re Farmland Industries, 296 B.R. 793, 803-04 (8th Cir. BAP 2003); In re Powell, 224 B.R. 409, 412 (8th Cir. BAP 1998); Commerce Bank, N.A. v. Tifton Aluminum Co., Inc., 217 B.R. 798, 800-01 (W.D.Mo. 1997). Such a test "implements a fairly broad interpretation of the scope of a bankruptcy court's `related to' jurisdiction", Abramowitz, at 1277, and even a proceeding "which portends a mere contingent or tangential effect on a debtor's estate" meets the broad jurisdictional test adopted by the Eighth Circuit, In re Titan Energy, Inc., 837 F.2d. 325, 330 (8th Cir. 1988). This "breadth" of the scope of "related to" jurisdiction signifies that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995) *quoting* Pacor, at 994 (internal citations omitted). Furthermore, "the `related to' language of §1334(b) must be read to give district courts (and bankruptcy courts under §157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate. Celotex Corp., 514 U.S. at 308.

Applying the "conceivable test" as established by the Eighth Circuit, this Court finds that the present matter clearly "relates to" the ongoing Delaware bankruptcy case. Plaintiffs concede that the real issues in this case are two-fold: can plaintiffs hold defendant Viziqor liable (ostensibly

4

in place of Woodmont Holdings) on an alter ego theory and/or can plaintiffs hold defendants Huber and Quadrangle liable on a separate breach of contract claim or fraud claim? The reality is that to hold Viziqor liable under an alter ego theory is to have both entities treated as one; thus, the assets of Viziqor are the assets of Woodmont Holdings bankruptcy estate. *See*, In re Estate of Graven, 64 F.3d. 453, 455 (8th Cir. 1995)(affirming district court ruling for alter egos to turn their assets over to bankruptcy estate). To allow plaintiffs to recover against Viziqor would interfere with the ability of other similarly-situated creditors of Woodmont Holdings to recover their fair share of the bankruptcy estate. Furthermore, the fact that plaintiffs have filed Proofs of Claim (based upon the same allegations) in the Delaware bankruptcy action buttresses this Court's finding that this action is "related to" the bankruptcy court action. Such a move appears to demonstrate the plaintiffs' belief that their claims are also ones that should be addressed by the Delaware bankruptcy court.[3]

The transfer of this lawsuit is a point of dispute. Defendants argue that 28 U.S.C. §1412 governs the transfer; plaintiffs argue that 28 U.S.C. §1404 governs the transfer. The Court notes that there is a split of authority on this issue. *See*, The City of Liberal, Kansas v. Trailmobile Corp., et. al., 316 B.R. 358, 361-62 (D.Kan. 2004)(providing an exhaustive list of the courts that favor transfer pursuant to §1412 and the courts favoring transfer pursuant to §1404); *see also*, Dunlap v. Friedman's, Inc., 331 B.R. 674, 677 (S.D.W.Va. 2005)(*quoting* with analysis Trailmobile Corp., *supra.*); In re Bruno's, Inc., 227 B.R. 311, 323 (Bankr.N.D.Ala. 1998). Having reviewed the relevant caselaw, this Court finds that §1412 governs the issue of venue

---

[3]As for the plaintiffs' claims against defendants Huber and Quadrangle, it is clear that any liability against them is predicated on finding liability against Viziqor/Woodmont Holdings. Any decision by this Court regarding those claims would unequivocally impact upon the handling and administration of Woodmont Holdings bankruptcy estate.

transfer in this "related to" action for the excellent reasons set forth in Dunlap, at 677-678; Frelin, et. al. v. Oakwood Homes Corp., 292 B.R. 369, 387 n.11 (Bankr.E.D.Ark. 2003); In re Bruno's, at 322-323; *see also,* In re Vital Link Lodi, Inc., 240 B.R. 15, 19 (Bankr.W.D.Mo. 1999)(deciding that transfer of an adversary proceeding to another district court was governed by 28 U.S.C. §1412 and Bankruptcy Rule 7087).

Section 1412 provides that "[A] district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412. Thus, a district court may transfer under §1412 upon a sufficient showing of either the interest of justice or for the convenience of the parties. The granting or denial of a motion to transfer venue is discretionary with the court. In re Vital Link Lodi, at 19 *citing* United States v. Phillips, 433 F.2d. 1364, 1368 (8th Cir. 1970); *see also*, Frelin, at 387 (*citing* In re Vital Link Lodi, *supra.*); In re Bruno's, at 324 (citations omitted). The party wishing to transfer venue has the burden to prove by a preponderance of the evidence that the transfer is appropriate. Frelin, at 387; In re Vital Link Lodi, at 19 *citing* Wittes v. Interco, 139 B.R. 718, 720 (Bankr.E.D.Mo. 1992) In re Bruno's, at 324. There is a strong presumption in favor of placing venue in the district court where the bankruptcy case is pending. In re Vital Link Lodi, at 19 *citing* Windsor Communications Group, Inc. v. Five Towns Stationery, Inc., 53 B.R. 293, 296 (Bankr.E.D.Pa. 1985). However, wherein the debtor is a non-movant in the motion to transfer venue to the "home court" (i.e., the bankruptcy court in which the debtor's case is pending), consideration of the home court presumption is less important than if the debtor was the movant or had joined in the motion. In re Harnischfeger Industries, 246 B.R. 421, 440 (Bankr.N.D.Ala. 2000).

"The 'interest of justice' prong is 'a broad and flexible standard which must be applied on a case-by-case basis. Some courts have held that the most important factor to be considered in determining whether to transfer venue of a bankruptcy proceeding under the interest of justice prong is whether transfer would promote the economic and efficient administration of the bankruptcy estate." In re Bruno's, at 324 (internal citations omitted). Different courts have applied different factors, *see* In re Bruno's, at 324-25 n.44-56 (listing various factors and respective applicable cases); however, this Court agrees with the Frelin Court that the factors set forth in In re Bruno's, *supra.*, should be applied. These factors are:

### "Interest of Justice" prong of §1412

1) economics of estate administration
2) presumption in favor of "home court"
3) judicial efficiency
4) ability to receive a fair trial
5) the state's interest in having local controversies decided
   within its borders by those familiar with its laws
6) enforceablity of any judgment rendered
7) plaintiff's original choice of forum

### "Convenience of Parties" prong of §1412

1) Location of plaintiff and defendant
2) Ease of access to necessary proof
3) Convenience of witnesses
4) Availability of subpoena power for the unwilling witnesses
5) Expense related to obtaining witnesses

Frelin, at 388 *citing* In re Bruno's, at 324-25.

Upon review of the factors applicable to the "interest of justice" prong of §1412, the Court finds that venue of this proceeding should be transferred to the District Court of Delaware for reference to the Delaware Bankruptcy Court.[4]

---

[4]The Court notes that the parties concentrated their efforts on a §1404 transfer as opposed to a §1412 transfer. However, many of the arguments made in support of a §1404 transfer can be

All of the plaintiffs are Missouri residents. Defendants Viziqor and Woodmont Holdings are Delaware corporations with Woodmont Holdings having its principal place of business in Maryland. Defendant Huber is a resident of New York and defendant Quadrangle is a New York limited liability corporation with its principal place of business in New York. Woodmont Holdings filed its bankruptcy petition in the Delaware Bankruptcy Court and a Chapter 7 trustee has been appointed. Unless the case is transferred, this Court lacks subpoena power over the Chapter 7 trustee.

Since the plaintiffs have filed proofs of claims based upon the allegations that they have set forth in their complaint here, it appears to this Court that one consolidated proceeding in Delaware would be more judicially efficient that having two separate courts in two separate venues looking at the same claims. Furthermore, since plaintiffs have filed their proofs of claim in the Delaware Bankruptcy Court, any decision regarding Woodmont Holdings bankruptcy estate would be applicable to the plaintiffs; thus, their interests are protected. Finally, although the Court is mindful that plaintiffs chose Missouri as their forum to litigate their claims; the fact that they have now filed said claims with the Delaware Bankruptcy Court reaffirms the presumption in favor of the home court. Furthermore, this Court has no reason to believe that the Delaware Bankruptcy Court cannot fairly adjudicate the plaintiffs' claims. Finally, it would be significantly detrimental to the efficient administration of Woodmont Holdings bankruptcy estate, and patently unfair to any other creditor of Woodmont Holdings, if a cause of action such as the one presently before this Court relating to contractual and fraudulent conduct of these parties (including Woodmont Holdings) is not controlled by the Delaware Bankruptcy Court as the home court.

---

considered here.

After careful consideration of the matter, the Court determines that in the interest of justice, this cause of action will be transferred to the United States District Court for the District of Delaware for reference to the Delaware Bankruptcy Court.

In light of the above findings, the Court sees no reason to address the "convenience of parties" prong of §1412, nor address the parties' briefs as to Rule 19 application or application of the bankruptcy stay provision.

Dated this __12th__ day of February, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE